UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEITH RAWLINS,

            Plaintiff,

v.

JOHN DOE,

            Defendant.

Case No. C19-0542-JCC-MAT

REPORT AND RECOMMENDATION

Plaintiff Keith Rawlins is currently confined at the Washington Corrections Center in Shelton, Washington. On April 10, 2019, plaintiff submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983 in which he alleged that an unknown Whatcom County Sheriff's Deputy used excessive force against him while executing a felony arrest warrant in April 2017. (Dkt. 6 at 5.) Plaintiff asserted that the deputy in question unnecessarily deployed five shots from a twelve-gauge bean bag shot gun, at close range, causing extensive damage to plaintiff's upper left arm. (*Id*.) Plaintiff further asserted that the deputy then grabbed him by the hair and pulled him out of the trailer where he had been sleeping with his wife, before slamming him to the ground and handcuffing him. (*Id*.) Plaintiff named a single defendant in his complaint, "John Doe," whom plaintiff identified as a member of the Whatcom County Sheriff's Department SWAT team. (*Id*. at 1, 3.) Plaintiff requested declaratory relief and damages. (*Id*. at 6.)

REPORT AND RECOMMENDATION
PAGE - 1

On May 10, 2019, this Court issued an Order directing plaintiff to show cause why this action should not be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure of plaintiff to identify any viable defendant in his complaint. (Dkt. 7.) The Court explained therein that while plaintiff had asserted a potentially viable excessive force claim, the lone defendant identified in plaintiff's complaint, "John Doe," had not been identified with sufficient specificity to allow this Court to effectuate service. (*Id*.) The Court further explained that if it was unable to effectuate service, it would be unable to obtain jurisdiction over this individual. (*Id*.) Plaintiff was advised that if he wished to proceed with this action, he would have to provide the Court with more specific identifying information for the defendant and that absent such information the Court would have no option but to recommend dismissal of this action. (*Id*.)

On July 15, 2019, plaintiff filed a response to the Order to Show Cause in which he provided a list of thirteen "viable defendants" and indicated he would clarify through discovery which of these individuals was actually involved in the excessive force incident. (Dkt. 13.) However, simply providing a list of names of individuals who *may* have been involved in the excessive force incident falls short of what is required for plaintiff to proceed with this action.

The Court is required to screen complaints filed by prisoners or detainees under 28 U.S.C. § 1915A(a), and must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief," 28 U.S.C. § 1915A(b). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how

REPORT AND RECOMMENDATION
PAGE - 2

individually named defendants caused, or personally participated in causing, the harm alleged in the complaint.  *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff has not alleged facts showing how any of the individuals identified in his response to the Order to Show Cause *personally participated* in causing the harm alleged in his complaint and he therefore fails to state a viable claim for relief against any of those individuals,  Moreover, plaintiff makes clear in his response to the Order to Show Cause that he believes he will be unable to identify the specific individual or individuals involved in the excessive force incident until he is able to conduct some discovery, a process which cannot begin until plaintiff has stated a viable claim for relief against at least one named defendant.  As it appears unlikely that plaintiff will be able at this juncture to amend his complaint to adequately state a claim for relief under § 1983, this Court recommends that plaintiff's complaint and this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B)(ii).

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 27, 2019**.

DATED this <u>3rd</u> day of September, 2019.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge