THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEITH RAWLINS,

                Plaintiff,

    v.

JOHN DOE, SWAT, Whatcom County Sheriff's Department,

                Defendant.

CASE NO. C19-0542-JCC

ORDER

This matter comes before the Court on the referral notice from the United States Court of Appeals for the Ninth Circuit (Dkt. No. 25). The Ninth Circuit referred this matter for the limited purpose of determining whether *in forma pauperis* status should continue for Plaintiff's appeal or whether the appeal is frivolous or taken in bad faith. (*Id*.)

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "[A]n appeal is not taken in good faith . . . if there is some evident improper motive or if no issue is presented which is not plainly frivolous." *Tweedy v. United States*, 276 F.2d 649, 651 (9th Cir. 1960); *see also Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) ("If at least one issue or claim is found to be non-frivolous, leave to proceed in forma pauperis on appeal must be granted . . . .").

"[T]he court shall dismiss the case at any time if the court determines that . . . the action

. . . fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii); *see* 28 U.S.C. § 1915A(b). In order to state a claim for relief under 42 U.S.C. § 1983, the plaintiff must show that he suffered a violation of rights protected by the Constitution or a federal statute, and that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the proximate causation element, the plaintiff must show how individually named defendants caused or personally participated in causing the alleged violation. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

In his § 1983 civil rights complaint, Plaintiff asserted that an unnamed Whatcom County Sheriff's deputy used excessive force in executing a felony arrest warrant in April 2017. (*See* Dkt. No. 6 at 5.) In May 2019, the Court issued an order directing Plaintiff to show cause why his complaint should not be dismissed for failure to identify any viable defendant. (*See* Dkt. No. 7.) In his response, Plaintiff provided a list of 13 potential defendants but did not provide a basis for finding that any were involved in the alleged underlying conduct. (*See* Dkt. No. 13.) In his objections to the report and recommendation of U.S. Magistrate Judge Mary Alice Theiler, which recommended dismissal without prejudice for failure to state a claim, Plaintiff again failed to name a viable defendant. (*See* Dkt. Nos. 15, 16.) The Court accordingly dismissed Plaintiff's complaint without prejudice for failure to state a claim against a viable defendant. (*See* Dkt. No. 17) (citing 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(ii)).

Thus, Plaintiff has had multiple opportunities to name a viable defendant—in his initial complaint, in his response to the order to show cause, and in his objections to the report and recommendation—and has failed to do so. As Plaintiff has failed to state a claim upon which relief may be granted and cannot cure the factual defects in his complaint on appeal, his appeal is frivolous because it lacks an arguable basis in law. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Therefore, the Court CERTIFIES that Plaintiff's appeal is not taken in good faith and

REVOKES Plaintiff's *in forma pauperis* status. The Clerk is DIRECTED to send a copy of this order to the Court of Appeals and to Plaintiff.

DATED this 3rd day of December 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE